IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CHRISTOPHER RILEY**                                                             **PLAINTIFF**

**v.**                                    **No. 3:13CV154-NBB-JMV**

**MCCF/MDOC, ET AL.**                                         **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Christopher Riley, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Riley alleges that he was erroneously found guilty of possessing contraband while housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. Though the infraction occurred on March 5, 2013, the Rule Violation Report stated that the infraction happened a month earlier, February 5, 2013. Thus, when Riley attempted to appeal the ruling, the reviewing officer said that the appeal was filed too late. As a result of the guilty finding, Riley has lost "earned good time," which would have shortened his prison sentence. In addition, he lost privileges for a period of time.

**Restoration of "Earned Good Time"**

The court will dismiss Rily's claim under § 1983 seeking the restoration of his "earned time credits." He contends that the defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. The Supreme Court has held that § 1983 is not the appropriate vehicle for an inmate to seek recovery of lost earned time credits, *Preiser*

*v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), and it is likewise improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In both cases, the inmate's available remedy is to petition for a writ of *habeas corpus*. The Court has also applied *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings resulting in a change of their sentences. *Edwards v. Balisok*, 520 U.S. 641 (1997). The rule which the Fifth Circuit Court of Appeals follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)). Because plaintiff, if successful in the instant case, would be entitled to accelerated release, he must first obtain habeas relief before bringing suit pursuant to § 1983.

### *Sandin*

As to Riley's claim that he did not receive due process in the handling of his grievance of the appeal thereof, in view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), he has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim). In this case, Riley had his earned good time credits taken away from him, and he lost some privileges for a period of time. The court has discussed how the credits to Riley's sentence must be handled. The loss of privileges is a type of punishment to be expected in a prison; it is simply not harsh enough to trigger due process protections. As such, Riley's due process claims must be dismissed for failure to state a constitutional claim.

In sum, all of Riley's claims must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of January, 2014.

　　　　　　　　　　　　　　　　　　　　/s / Neal Biggers
　　　　　　　　　　　　　　　　　　　　NEAL B. BIGGERS
　　　　　　　　　　　　　　　　　　　　SENIOR U. S. DISTRICT JUDGE